ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 OCT -9 P 2: 58

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| TERRY LAMAR BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-051 |
| ) | |
| A. WASHINGTON, Warden, Johnson State ) | |
| Prison, and GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Johnson State Prison located in Wrightsville, Georgia, filed the above captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) A. Washington, Warden, Johnson State Prison ("JSP"), and (2) Georgia Department of Corrections ("GDC"). (Doc. no. 1, pp. 1 & 4). Plaintiff submits that Defendants have violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs. (Id. at 5).

Plaintiff alleges that his left shoulder joint deteriorated to the point that his rotator cuff was not visible by x-ray. (Id.). According to Plaintiff, in January of 2006, Dr. Fossier replaced his shoulder at Oconee Medical Center ("OMC"). (Id.). Plaintiff contends that, after thirty (30) days, his shoulder became infected, so Dr. Fossier again operated to address the infection and clean his shoulder. (Id.). Thereafter, Plaintiff maintains that he was sent to Augusta State Medical Prison ("ASMP") for a six-month regimen of antibiotics and therapy. (Id.). Plaintiff submits that, nine (9) months after he was returned to JSP, he lost use of his arm and his shoulder became very painful. (Id.).

Plaintiff further alleges that Dr. Fossier operated on his shoulder for a third time, completely removing his joint. (Id.). Thereafter, Plaintiff maintains that he was sent to Baldwin State Prison to receive antibiotic treatment. (Id.). According to Plaintiff, Dr. Fossier stated that he "was not putting another joint in Plaintiff's shoulder." (Id.). Plaintiff submits that he has a dangling, painful arm and no shoulder. (Id.).

As relief, Plaintiff seeks an order directing the GDC to replace his shoulder. (Id. at 6). Additionally, Plaintiff requests $15,000,000 in damages. (Id.).

2

## II. SCREENING OF COMPLAINT

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. __, 126 S.Ct. 2378, 2387 (2006). In order to properly exhaust a claim, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 2385-86 (internal quotation omitted). If an inmate fails to complete the administrative process or falls short of compliance with procedural rules governing inmate grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. __, 126 S.Ct. 2978 (2006). Simply put, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

3

Moreover, an inmate must complete the administrative process *before* initiating suit because exhaustion of administrative remedies is a "precondition" to filing an action in federal court. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). First, it should be pointed out that the PLRA does not allow Plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

In this case, it is clear from the face of the complaint that Plaintiff has failed to exhaust his administrative remedies prior to commencing this action. Although Plaintiff maintains that he has presented the facts related to this complaint to the appropriate grievance committee, Plaintiff also concedes that he has not appealed his grievance to the highest possible level in the administrative procedure. (Doc. no. 1, pp. 3-4). Notably, Plaintiff requests "relief without exhaustion of state remedies, which can take 120 days" because he claims to be in danger as a result of the events forming the basis of his complaint. (Doc. no. 1, p. 6). Plaintiff's argument regarding the time necessary to exhaust

4

administrative remedies and the purported urgent nature of the issues in this case cannot serve to obviate the exhaustion requirement.[2] Therefore, Plaintiff's complaint should be dismissed, without prejudice, for failure to properly exhaust administrative remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court recognizes that the Supreme Court recently held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, __ U.S. __, 127 S. Ct. 910, 921 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that a district court may dismiss a prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, the Court can properly recommend that Plaintiff's complaint be dismissed because it is clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies.